IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SALAMAN,** <br> **Plaintiff,** <br><br> v. <br><br> **UNITED CAPITAL FUNDING CORP.,** <br> **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 16-1826** |

DuBois, J.                                                                                              February 14, 2017

**M E M O R A N D U M**

### I.   INTRODUCTION

The Complaint in this case seeks a declaratory judgment of no liability and damages arising out of a dispute over a personal guaranty. Jurisdiction is based on 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Presently before the Court are defendant United Capital Funding Corp.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), or in the Alternative, to Dismiss Under the Declaratory Judgment Act and/or Federal Rule 12(b)(6) (Document No. 7, filed July 6, 2016), and Plaintiff's Motion for Leave to File an Amended Complaint Pursuant to Fed. R. Civ. P 15(a) (Document No. 8, filed July 20, 2016). Plaintiff's Motion is conditioned on the granting of United Capital's Motion to Dismiss and does not seek to amend the Complaint to address issues relevant to United Capital's Motion to Transfer. Pl.'s Mem. Opp. Mot. 25.

This is one of two concurrent cases in which the parties seek a determination of Michael Salaman's liability to United Capital Funding Corp. ("United Capital") under the same personal guaranty. The other case, *United Capital Funding Corp. v. Michael Salaman*, No. 8:16-cv-1160-T-27TBM, filed in the United States District Court for the Middle District of Florida (the "Florida action"), seeks damages under the personal guaranty and under a contract for factoring

1

services. The primary issue in both cases at this juncture is determining where the dispute over Salaman's liability to United Capital should proceed—the Middle District of Florida or the Eastern District of Pennsylvania.

The Florida action is currently stayed pending this Court's decision on whether the first-filed rule applies in this case, which was filed before the Florida action. For the reasons set forth below, this Court concludes that the first-filed rule is inapplicable to this case based on the anticipatory filing exception to the rule. A decision on the two pending Motions in this Court is deferred until the District Court for the Middle District of Florida determines the effect of the Florida forum selection clause in one of the contracts at issue in that case, but not in the Pennsylvania case, and the related question of whether the Florida court has personal jurisdiction over Salaman.

## II.  BACKGROUND

The relevant evidence referenced in the Complaint and the affidavits and exhibits accompanying the parties' briefs are as follows.[1]

Plaintiff Michael Salaman, a Pennsylvania resident, is the former president of Skinny Nutritional Corp. ("Skinny"), a Nevada corporation which sold flavored water. Compl. ¶¶ 1, 6, 15 (Document No. 1, filed Apr. 15, 2016); Pl.'s Mem. Opp. Mot., Salaman Aff. ("Salaman Aff.") ¶¶ 2-3 (Document No. 8, filed July 20, 2016). Defendant United Capital is a Florida corporation that provides financial services including factoring for accounts receivable. Compl. ¶¶ 7, 14; Def.'s Mem. Supp. Mot., Baker Aff. ("Baker Aff.") ¶ 3 (Document No. 7, filed July 6, 2016).

The Complaint in this case (the "Pennsylvania Complaint") seeks a declaratory judgment of Salaman's liability under a personal guaranty executed on June 7, 2012 (the "Personal

---

[1] In deciding a motion to transfer, the district court must consider evidence in the record, such as "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for transfer." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).

Guaranty"). Compl. ¶ 19, Ex. B at 1. In 2012, United Capital asked Salaman to execute the Personal Guaranty "because Skinny had insufficient finances for [a] credit extension" of $300,000 from United Capital under a promissory note dated June 6, 2012 (the "Senior Promissory Note"). Compl. ¶18, Ex. B at 1; Salaman Aff. ¶¶ 32-33. The Pennsylvania Complaint also alleges that, "at the same time," United Capital and Skinny entered into a factoring agreement ("the 2012 Factoring Agreement"). Compl. ¶18. United Capital disputes the validity of the 2012 Factoring Agreement and correctly observes that the document attached to the Pennsylvania Complaint is unsigned and dated April 18, 2014. Def.'s Mem. Supp. Mot. 4. It is unclear why the 2012 Factoring Agreement is included in the Pennsylvania Complaint, as there are no allegations that Salaman signed it or has any liability under it.

In the Pennsylvania Complaint, Salaman claims that his obligations under the Personal Guaranty were discharged by subsequent agreements[2] and by Skinny's Chapter 11 bankruptcy proceeding in 2014. Compl. ¶¶ 27, 29, 30, 36, Ex. D. Salaman also avers that, after Skinny's bankruptcy proceedings and asset sale to Skinny Nutritional, LLC ("Skinny LLC"), United Capital entered into another factoring agreement with Skinny LLC. Compl. ¶ 42. According to Salaman, United Capital began to pursue Salaman for debt owed under the Personal Guaranty after Skinny LLC "defaulted" on its agreement with United Capital. Compl. ¶¶ 44-46.

The Complaint in the Florida action seeks damages for Salaman's alleged default on the Personal Guaranty and as guarantor on a factoring agreement executed in 2007 between United Capital and Skinny (the "2007 Factoring Agreement"). Pl.'s Mem. Opp. Mot., Ex. K ("Florida Compl.") ¶¶ 9-11, 14-16. The 2007 Factoring Agreement contains a venue and jurisdiction provision that requires that any suit arising under the agreement be brought in Florida, "if

---

[2] Salaman alleges that United Capital executed an "Intercreditor Agreement" with one of Skinny's investors, which subordinated United Capital's liens, and that his obligations under the Personal Guaranty were discharged by the "abandonment of any collateral" by United Capital. Compl. ¶¶ 20, 23, 27, 29, 30, 36, Ex. D.

3

[United Capital] so elects." *Id.*, Ex. A at 12. As part of the 2007 Factoring Agreement, Salaman signed a Validity Statement, which "irrevocably guarantee[d] . . . the prompt performance of all obligations of [Skinny] . . . of every kind and character owed to [United Capital] . . . ." *Id.*, Ex. A at 16. The parties disagree on whether the Validity Statement operates as a guaranty for the 2007 Factoring Agreement. Salaman Aff. ¶¶ 24-29; Baker Aff. ¶ 6.

United Capital avers that, on April 7, 2016, it sent two identical demand letters to Salaman at addresses in Villanova, Pennsylvania, and Wayne, Pennsylvania, seeking payment for "past-due amounts" under the 2007 Factoring Agreement and Personal Guaranty. Baker Aff. ¶ 16; Def.'s Mem. Supp. Mot., Ex. 7 at 1-2. In those letters, United Capital demanded that Salaman pay $1,423,619.32 within five days of receiving the letters, and stated that if the payment was not made by that time, United Capital would "initiate legal action to cover the amount due and owing." *Id.* Salaman received the letter mailed to the Villanova address on April 11, 2016. *Id.*, Ex. 8 at 1.

On April 15, 2016, Salaman filed the above-captioned case (the "Pennsylvania action"), seeking a declaratory judgment that he was not liable to United Capital under the Personal Guaranty, and for damages for fraudulent misrepresentation and bad faith. Compl. ¶¶ 60, 62-68, 71-72. On April 20, 2016, United Capital filed the Florida action in Florida state court, and Salaman removed the Florida action to the United States District Court for the Middle District of Florida. Florida Compl. at 1; Baker Aff. ¶ 19.

United Capital then filed the pending Motion to Transfer or Dismiss in the Pennsylvania action. Def.'s Mot. 1. Similarly, in the Florida action, Salaman has filed a Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer the Action to the Eastern District of Pennsylvania. Salaman Aff. ¶ 71.

4

### III.    APPLICABLE LAW

District courts in the Third Circuit generally follow the "first-filed rule," which provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). There is some disagreement within this Circuit as to the extent of similarity required before the first-filed rule applies. *See Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 456-57 (E.D. Pa. 2013) (discussing requiring identical actions or permitting "substantial overlap"). However, recent cases in this District have concluded that the more "flexible approach"—applying the first-filed rule when the subject matter has "substantial overlap"—more fully accomplishes the rule's rationale of "comity and efficient judicial administration." *Id.* at 456-57; *see also Law School Admission Council, Inc. v. Tatro*, 153 F. Supp. 3d 714, 724 (E.D. Pa. 2015) ("We find the flexible approach to more fully meet the purposes of the first-filed rule.").

Even when concurrent jurisdiction exists, the application of the first-filed rule is not "wooden," and exceptions to the first-filed rule permit the second-filed action to proceed where "appropriate circumstances justify[ ] departure from the rule." *E.E.O.C.*, 850 F.2d at 972. These exceptions include the existence of "rare or extraordinary circumstances, inequitable conduct, bad faith, and forum shopping," and anticipatory filing, which applies when "the first-filing party instituted the suit in one forum in anticipation of the opposing party's imminent suit in another less favorable forum." *Id.* at 972, 976; *see FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 745 (E.D. Pa. 2005) (stating that "the *EEOC* court added to the list of exceptions, recognizing an 'anticipatory filing' exception"). "[A] suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific concrete indications that a suit by the defendant was imminent." *Sinclair*

*Cattle Co. v. Ward*, 80 F. Supp. 3d 553, 561 (M.D. Pa. 2015) (citing *Pittsburgh Logistics Sys., Inc. v. C.R. Eng., Inc.*, 669 F. Supp. 2d 613, 623 (W.D. Pa. 2009)); *cf. Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 401 (E.D. Pa. 2005) ("Some evidence that a first-filed case was filed for the purpose of forum shopping or in bad faith is necessary before the courts find it was improperly anticipatory . . . .").

Filing within the window given in a demand letter may support a finding of anticipatory filing. *See FMC*, 379 F. Supp. 2d at 744 ("[A] second-filing party may have a strong case that the initial filing suit was improper if the first-filing party initiated its suit within the response period provided in a recent cease-and-desist letter."); *see also Pittsburgh Logistics*, 669 F. Supp. 2d at 623-24 (finding chronology "indicative of an improper first filing" where letter stated suit would be filed if arrangements to satisfy outstanding debt were not made by a certain date and proposed complaint was provided, and declaratory judgment was filed three days later, "seeking resolution of the same questions"). *But see Koresko*, 403 F. Supp. 2d at 401 (finding no improper anticipatory filing for declaratory judgment sought after "a large financial demand, a short time frame for resolution, and a threat of litigation. . . sent in response to a communication from [defendants] that [they] were beginning an assessment of the situation").

### IV.   DISCUSSION

Salaman argues, *inter alia*, that the first-filed rule applies to the Motion to Transfer and weighs against transfer. Pl.'s Mem. Opp. Mot. 20-21. On this issue, United Capital argues that the first-filed rule should not apply because the Pennsylvania action is "an anticipatory, bad faith effort at forum shopping," and the forum selection clauses in the parties' agreements are extraordinary circumstances that create an exception to the first-filed rule. Def.'s Mem. Supp.

Mot. 17. The Court concludes that the anticipatory filing exception to the first-filed rule is applicable to this case. Thus, the first-filed rule will not be applied.

The Court first concludes that there is "substantial overlap" between the Pennsylvania action and the Florida action, raising the issue of whether the first-filed rule is applicable. *Synthes*, 978 F. Supp. at 456-57. Both actions involve the same parties and seek a determination of Salaman's liability to United Capital under the Personal Guaranty. In the Pennsylvania action, Salaman seeks a declaration of no liability under the Personal Guaranty and damages for misrepresentation and bad faith in United Capital's business dealings with respect to the Personal Guaranty. Compl. ¶¶ 60, 62-68, 71-72. In the Florida action, United Capital seeks damages from Salaman for the amounts allegedly due under the Personal Guaranty and the 2007 Factoring Agreement. Pl.'s Mem. Opp. Mot., Ex. K at 4-5. While the cases are not identical, both stem from Salaman's status as a guarantor of Skinny's obligations and seek a determination of Salaman's liability to United Capital under the Personal Guaranty.

The Court next concludes that the anticipatory filing exception to the first-filed rule is applicable. The timeline and circumstances of this case depict a "race to the courthouse" and improper anticipatory filing. Salaman filed the Pennsylvania action four days after receiving notice that United Capital would file suit within five days to collect the alleged debt under the Personal Guaranty and the 2007 Factoring Agreement. Compl. ¶ 1; Baker Aff. ¶ 16; Def.'s Mem. Supp. Mot., Ex. 7 at 1-2, Ex. 8 at 1. United Capital filed the Florida action five days later. Florida Compl. at 1.

In view of this ruling, the Court does not decide United Capital's argument that the first-filed rule should not apply because of the forum selection clause in the 2012 Factoring Agreement, which is not at issue in the Pennsylvania case.

## V.     Transfer under 28 U.S.C. § 1404(a)

When a district court has personal jurisdiction over a defendant and venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] The district court should consider "all relevant factors" to determine whether "the litigation would more conveniently proceed and interest of justice be better served by transfer to a different forum.'" *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted). "The presence of . . . related cases in the transferee forum is a substantial reason to grant a change of venue." *Prudential Ins. Co. of Amer. v. Rodano*, 493 F. Supp. 954, 955 (E.D. Pa. 1980) ("The interests of justice and the convenience of the parties and witnesses are ill-served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately.").

In this case, the determination of whether transfer would promote convenience and the interest of justice depends on whether, in the Florida action, (1) the forum selection clause in the 2007 Factoring Agreement is valid; (2) the clause binds Salaman, a non-signatory, as a closely related party; and, (3) if the clause is valid and binding on Salaman, whether, notwithstanding the clause, the Middle District of Florida has personal jurisdiction over Salaman.[4] These issues are disputed by the parties.

The determination by the District Court for the Middle District of Florida of personal jurisdiction and its decision to retain, transfer, or dismiss the Florida action will significantly

---

[3] The Pennsylvania action could have been brought in the United States District Court for the Middle District of Florida—defendant United Capital is incorporated in Florida and has its principal place of business in St. Petersburg, Florida. 28 U.S.C. § 1391(b)(1); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (discussing general personal jurisdiction for corporations).

[4] Generally, under Florida law, "an agreement alone is insufficient to confer personal jurisdiction on Florida courts." *Jetbroadband WV, L.L.C. v. MasTec N. Am., Inc.*, 13 So. 3d 159, 161-62 (Fla. Dist. Ct. App. 2009) (citation omitted) (listing five requirements for establishing personal jurisdiction by contract).

affect this Court's analysis of whether "the litigation would more conveniently proceed and interest of justice be better served by transfer to a different forum." *Jumara Co.*, 55 F.3d at 879. If the Middle District of Florida has personal jurisdiction over Salaman in the Florida action and the forum selection clause in the 2007 Factoring Agreement requires that the Florida action proceed in Florida, both "the interests of justice and the convenience of the parties" would weigh heavily in favor of transfer of the Pennsylvania action to Florida. *Rodano*, 493 F. Supp. at 955. However, if the Middle District of Florida determines that it does not have personal jurisdiction over Salaman, this Court may be the appropriate venue for the dispute between Salaman and United Capital. Thus, the Court defers its decision on the parties' pending Motions, and stays this case, until the Middle District of Florida decides the related questions of whether the forum selection clause in the Florida action is valid and binds Salaman and whether the Middle District of Florida has personal jurisdiction over Salaman in that case.

## VI. CONCLUSION

For the foregoing reasons, this Court concludes that the first-filed rule is inapplicable because of the anticipatory filing exception to the rule, and defers deciding the parties' pending Motions until the United States District Court for the Middle District of Florida determines whether the forum selection clause in the Florida action is valid and binding on Salaman and whether it has personal jurisdiction over Salaman. An appropriate order follows.